**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 02 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANFORD TUCKER, individually, and as Special Administrator of the Estate of Keith Tucker, and as Guardian ad Litem of Frans Kai Mann Tucker, a minor, | No. 09-17141 |
| Plaintiff - Appellee, | D.C. No. 2:05-cv-01216-LDG-RJJ |
| v. | MEMORANDUM* |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; PATRICK DENNEY, Officer; MARK HUTCHINSON, Officer, | |
| Defendants - Appellants, | |
| and | |
| TASER INTERNATIONAL, INC.; BILL YOUNG, Sheriff, individually and in his official capacity, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

---

*         This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 14, 2012
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

Keith Tucker ("Keith") died following an altercation with two police officers, Defendants Patrick Denney and Mark Hutchinson. Keith's father, Plaintiff Sanford Tucker ("Sanford") brought a wrongful death civil rights action under 42 U.S.C. § 1983, claiming that the force used by Officers Denney and Hutchinson deprived Keith of his right to be free from excessive force, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, and caused his death.[1] The officers brought this interlocutory appeal from the district court's denial of their motion for summary judgment on grounds of qualified immunity. We affirm in part, reverse in part, and remand.

As the parties moving for summary judgment, the officers bear "the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material . . . lodged must be viewed in the light most favorable" to Sanford. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment "'should be granted sparingly'" in excessive force cases, because the

---

[1] Sanford also sued several other defendants on various legal theories not pertinent to this appeal.

excessive force inquiry often "'requires a jury to sift through disputed factual contentions, and to draw inferences therefrom.'" *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (en banc) (quoting *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002)). In this case, we agree with the district court that, with respect to the force used after Keith was handcuffed, there are genuine issues of material fact rendering summary judgment inappropriate. We conclude, however, that there are no genuine issues of material fact concerning whether the force used before Keith was handcuffed was excessive, and that summary judgment should have been granted in favor of the defendants with regard to that period.

We use a two-pronged test to determine whether qualified immunity is justified: (1) we must decide whether the officer violated a plaintiff's constitutional right; and (2) we must determine whether the asserted right was "'clearly established in light of the specific context of the case' at the time of the events in question." *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (en banc) (quoting *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009)), *petitions for cert. filed*, --- U.S.L.W. ---- (U.S. Jan. 11, 2012) (No. 11-1032), 80 U.S.L.W. 3457 (U.S. Jan. 17, 2012) (No. 11-898), --- U.S.L.W. ---- (U.S. Feb. 21, 2012) (No. 11-1045). In determining whether an officer violated a plaintiff's right to be free from

excessive force, we first assess the severity of the force used and then measure the governmental interests at stake by evaluating a range of factors. *See id.* at 441.

1. The force used by the officers before Keith's handcuffing was reasonable under the circumstances of Keith's violent resistance. Sanford argues that the officers should be held liable for the defensive force they used in handcuffing Keith, because Officer Denney's decision to grab Keith's hand may have provoked the violent altercation that ensued. We disagree. "Where a police officer 'intentionally or recklessly provokes a violent confrontation, if the provocation is an independent Fourth Amendment violation, he may be held liable for his otherwise defensive use of force.'" *Espinosa v. City & Cnty. of San Francisco*, 598 F.3d 528, 538 (9th Cir. 2010) (quoting *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002)), *cert. denied*, 132 S. Ct. 1089 (2012). Officer Denney's decision to grab Keith's hand was not an intentional or reckless provocation that independently violated Keith's Fourth Amendment rights, *see Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1059 (9th Cir. 2003), and therefore cannot "render the officer[s'] otherwise *reasonable* defensive use of force *unreasonable* as a matter of law," *Billington*, 292 F.3d at 1190–91.

Summary judgment should therefore have been granted with respect to the force used before Keith was handcuffed.

4

2. A jury could, however, reasonably conclude that the officers used excessive force in tasing Keith and applying their body pressure to restrain him after he was handcuffed and face down on a bed. *See Drummond*, 343 F.3d at 1059–60. Although the officers testified that Keith continued to threaten their safety even after he was handcuffed, and that they exercised considerable restraint in their use of force, the district court accurately identified significant discrepancies and omissions in their respective accounts of the altercation. A jury, after hearing live testimony and cross-examination, might therefore discredit the officers' testimony and conclude that, in light of the degree of danger Keith posed once handcuffed, if any, and other pertinent circumstances (including Keith's apparent physical and mental state at the time), the degree of force used was excessive. *See Santos*, 287 F.3d at 852. Because genuine issues of material fact remain as to both the extent of the force used by the officers and the nature of the threat posed by Keith's handcuffed resistance, we cannot hold that the officers acted reasonably as a matter of law.

3. Turning to the clearly established law inquiry, we conclude that existing law recognized a Fourth Amendment violation where two officers use their body pressure to restrain a delirious, prone, and handcuffed individual who poses no serious safety threat. *See Drummond*, 343 F.3d at 1059–60. Keith, unlike

5

Drummond, continued to resist the officers after handcuffs were applied, but this distinction does not, by itself, suffice to bring this case out of *Drummond*'s orbit. *See Davis v. City of Las Vegas*, 478 F.3d 1048, 1057 (9th Cir. 2007).

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

**Costs on appeal awarded to Plaintiff-Appellee.**

*Tucker v. Las Vegas Metro. Police Dep't*, No. 09-17141
TALLMAN, Circuit Judge, concurring:

I concur in the Court's disposition insofar as it deems summary judgment inappropriate in this case.

Excessive force cases involving a deceased victim "pose a particularly difficult problem [at the summary judgment stage] because the officer defendant is often the only surviving eyewitness." *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994). I am bound by our precedent, which clearly says the court cannot simply take officers at their word. Rather, the court must "carefully examine all the evidence in the record . . . to determine whether the officer's story is internally consistent and consistent with other known facts." *Id.* (citing *Hopkins v. Andaya*, 958 F.2d 881, 885–88 (9th Cir. 1992); *Ting v. United States*, 927 F.2d 1504, 1510–11 (9th Cir. 1991)). That is why most jurisdictions conduct a public inquest into deaths like these in police custody. *See* Nev. Rev. Stat. § 259.050.

In this case, there appear to be inconsistencies in the testimonies of Officers Denney and Hutchinson. While Officer Hutchinson stated that he placed light pressure on Tucker's back while Tucker was prone and handcuffed, Officer Denney stated that Hutchinson never placed pressure on Tucker's back. And while Officer Hutchinson claims he got off of Tucker as soon as he heard Tucker's pleas for air, Officer Denney never mentioned this fact in his deposition. I agree with

the district court that the inconsistent testimony creates issues of fact that can only be resolved by a jury.

I write separately, however, to note that police officers have no duty to retreat when threatened with physical assault. *See Reed v. Hoy*, 891 F.2d 1421, 1428 (9th Cir. 1989) ("[Plaintiff] has not cited to this court a single case from any jurisdiction suggesting that police officers have the same duty to retreat as ordinary citizens."). Notwithstanding our decision in *Drummond v. City of Anaheim*, 343 F.3d 1052, 1059 (9th Cir. 2003), officers need not flee from a suspect bent on continued attack, regardless of whether the suspect is handcuffed. Such a requirement would "be inconsistent with police officers' duty to the public," *Reed*, 891 F.2d at 1428, and would subject officers to unnecessary threats to their own health and safety. And I do not agree with the assumption implicit in the Court's disposition that a suspect, once handcuffed, no longer poses any danger to arresting officers. *See* George T. Payton & Michael Amaral, *Patrol Operations and Enforcement Tactics* 242 (11th ed. 2004) ("Even when cuffed, a prisoner could strike a heavy blow. . . . Handcuffs are not escape proof. They are meant to be a temporary restraint. Don't put too much faith in them.").